UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOMAIN VAULT LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No.: 3:17-cv-00789-B |
| § | |
| RIGHTSIDE GROUP, LTD., § | |
| § | |
| Defendant. § | |

**RIGHTSIDE GROUP, LTD.'S ANSWER TO DOMAIN VAULT'S COMPLAINT**

Defendant Rightside Group, Ltd. ("Rightside"), by and through its undersigned counsel, hereby answers Plaintiff Domain Vault LLC's Complaint.

## I.   GENERAL DENIAL

1. Rightside generally denies each and every allegation set forth in the Complaint and each purported claim or cause of action contained in the Complaint.

## II.   DEFENSES & AFFIRMATIVE DEFENSES

2. Domain Vault's claims are subject to arbitration in King County, Washington because they arise out of the Domain Name Registration Agreement to which Domain Vault assented, which contains a mandatory arbitration clause.

3. Domain Vault lacks Article III standing to seek relief in federal court because it has suffered no injury in fact and/or its claims are moot.

4. Domain Vault's Complaint fails to state a claim against Rightside upon which relief can be granted.

5. Domain Vault lacks standing to seek injunctive relief because it has not alleged a likelihood that it will be injured in the future by Rightside.

6. Domain Vault's claims for damages are barred, in whole or in part, under the safe harbor provision of 15 U.S.C. § 1114(2)(D)(i) for the actions by a domain name registrar of refusing to register, removing from registration, transferring temporarily disabling, or permanently cancelling a domain name in compliance with a court order under 15 U.S.C. § 1125(d).

7. Domain Vault's claims for damages are barred, in whole or in part, under 15 U.S.C. § 1114(2)(D)(iii) because Rightside did not act in bad faith intent to profit from the registration or maintenance of domain names.

8. Domain Vault's claims are barred, in whole or in part, by Domain Vault's breach of the Registration Agreement.

9. Domain Vault's claims are barred, in whole or in part, because Domain Name cannot establish that Rightside committed two or more "predicate acts," as required to prove its Racketeer Influenced and Corrupt Organizations Act claim.

10. Domain Vault's claims are barred, in whole or in part, because Domain Vault has not suffered any legally cognizable damages.

11. Domain Vault failed to mitigate its damages, if any.

12. Domain Vault's claims may be barred in whole or in part by the doctrines of estoppel, laches, unclean hands, acquiescence, and/or waiver.

13. Domain Vault's claims may be barred, reduced, and/or limited, in whole or in part, pursuant to applicable statutory and common law regarding limitation of awards, caps on recovery, and setoffs.

14. Domain Vault's claims are barred, in whole or in part, by the United States Constitution and the common law because punitive or other exemplary damages are not recoverable for the causes of action set forth in Domain Vault's Complaint, Rightside did not act with the requisite level of conduct to be subjected to or that would otherwise support any punitive or exemplary damage award in this action, or in the alterative, the allegations of each cause of action in Domain Vault's Complaint are legally insufficient to support a claim for punitive or exemplary damages as to each cause of action.

15. Rightside hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserve the right to amend this Answer to assert such defenses.

### III.    PRAYER

WHEREFORE, Defendant Rightside Group, Ltd. prays that Domain Vault takes nothing by reason of Domain Vault's suit against Rightside, that Rightside be discharged, that Rightside be award its attorney fees, costs, and expenses under the Lanham Act, and other applicable law, as a prevailing party, and that the Court grant any and all other relief to which Rightside may be justly entitled.

Dated: April 13, 2017  Respectfully Submitted,

*/s/ David Klaudt*
David W. Klaudt
Texas State Bar No. 00796073
klaudtd@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Tel:   (214) 665-3600
Fax:   (214) 665-3601

Ian C. Ballon (*pro hac vice application forthcoming*)
ballon@gtlaw.com
Lori Chang (*pro hac vice application forthcoming*)
changl@gtlaw.com
GREENBERG TRAURIG LLP
1840 Century Park East, 19th Floor
Los Angeles, CA 90067-2121
Tel:   (310)586-7700
Fax:   (310)586-7800

**ATTORNEYS FOR DEFENDANT RIGHTSIDE GROUP, LTD.**

**CERTIFICATE OF SERVICE**

I hereby certifies that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record via ECF on this the 13th day of April 2017:

Gary N. Schepps
legal@schepps.net
5430 LBJ Freeway, Ste. 1200
Dallas, Texas  75240

*/s/ David Klaudt*