UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOMAIN VAULT LLC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:17-CV-0789-B |
| v. | § | |
| | § | |
| RIGHTSIDE GROUP, LTD, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave to File Surreply. Doc. 24. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

### I.

### BACKGROUND

On March 20, 2017, Plaintiff Domain Vault filed suit, alleging that Defendant Rightside Group defied court orders by interfering in the sale of domain names to Domain Vault. Doc. 1, Pl.'s Compl., ¶ 3.13–15. Rightside Group then filed a motion to compel arbitration of Domain Vault's claims. Doc. 6. After Domain Vault responded to the motion, Doc.17, and Rightside Group replied to the response, Doc. 20, Domain Vault filed its Motion for Leave to File Surreply, Doc. 24. Domain Vault claimed that Rightside Group had advanced the theory of equitable estoppel as a basis for compelling arbitration only at the reply brief stage. Doc. 24, Pl.'s Mot. for Leave to File Surreply, 2. Therefore, it requested the opportunity to address this theory in a surreply. *Id.*

- 1 -

II.

**LEGAL STANDARD**

Domain Vault states that "[a] surreply is appropriate when the movant raises new legal theories at the reply stage." *Id*. at 1. The law is not quite this clear-cut. *Austin v. Kroger Texas, L.P.*, the sole case Domain Vault cites for its proposition, speaks only to allowing surreplies to motions for summary judgment when the reply brief introduces new evidence, asserts a new defense to liability, or cites an analogous case for the first time. 3:11-CV-1169-B, 2016 WL 132248, *1 (N.D. Tex. Apr. 5, 2016), *aff'd*, 864 F.3d 326 (5th Cir. 2017). Nevertheless, the Southern District of Texas has applied this standard outside of the summary judgment context. *Simmons v. T-Mobile USA Inc.*, No. H-06-1820, 2006 WL 3447684, *1 (S.D. Tex. Nov. 22, 2006) (applying the standard for granting leave to file a surreply to Plaintiff's motion for conditional certification). There does not appear to be any reason why this standard should not also apply to motions to compel arbitration.

It is clear-cut that a court should not grant a motion for leave to file a surreply if the surreply does not contain new arguments or evidence that address the reply brief. *Williams v. Aviall Servs., Inc.*, 76 F. App'x 534, 535 (5th Cir. 2003); *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

III.

**ANALYSIS**

Domain Vault is correct that Rightside Group first argued equitable estoppel as a basis to compel arbitration in its reply brief. In addition, Domain Vault's proposed surreply responds only to the equitable estoppel argument and does not address arguments Domain Vault made previously in its response brief. Finally, Rightside Group states in its response to Domain Vault's motion that it

"does not object to Domain Vault filing a surreply." Doc. 25, Def.'s Resp. to Mot. to File Surreply, 2. Therefore, Domain Vault's Motion for Leave to File Surreply, Doc. 24, is **GRANTED**.

While Domain Vault's motion asks only for leave to address Rightside Group's equitable estoppel argument, Domain Vault also notes that its motion does not waive its opposition to Rightside Group's Motion for Leave to File Supplemental Appendix to Reply Brief.[1] Doc. 24, Pl.'s Mot. for Leave to File Surreply, 3. Domain Vault characterizes Rightside Group's motion as an attempt at "another bite" after it "was caught telling a false and fictitious story" in its motion to compel arbitration about Domain Vault's alleged assent to arbitration. *Id.* The parties then spend the rest of their briefing on the motion for leave to file a surreply addressing whether or not Rightside Group should be permitted to file its supplemental appendix and whether or not Domain Vault assented to arbitration.

This is relevant because Rightside Group filed a second response to Domain Vault's motion for leave to file a surreply, Doc. 27, which prompted Domain Vault to file its Motion to Strike Response/Objection as an unauthorized surreply. Doc. 28. Because Rightside Group's alleged unauthorized surreply responds only to arguments about whether and when Domain Vault assented to arbitration, it is unnecessary to rule on the motion to strike in order to determine that Domain Vault's Motion for Leave to File Sur-reply should be granted.

---

[1] This is the reply brief to Rightside Group's motion to compel arbitration.

## IV.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File Surreply, Doc. 24, is **GRANTED**.

    **SO ORDERED.**

    SIGNED: September 28, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE